IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-24,803-05






EX PARTE JON ALLEN ASHCRAFT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 91-CR-1521-E IN THE 357TH DISTRICT COURT


FROM CAMERON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to seventy-five years' imprisonment. This sentence was ordered to run
consecutively to Applicant's seventy-five year sentence in Cameron County cause number 91-CR-1371-E. 

 Applicant contends that he had been serving these sentences concurrently, but after his return
from parole, the Texas Department of Criminal Justice (TDCJ) improperly calculated his sentences
consecutively. These sentences should have been running consecutively from the time of the
judgment in this case. It appears that TDCJ was improperly running them concurrently, and as a
result, Applicant was erroneously released to parole on this sentence when he was not eligible for
parole. When he returned to TDCJ custody, his sentences were recalculated to run consecutively,
which is what should have been done originally. 

 At the time he was voted to parole in cause number 91-CR-1371-E, he should have begun
serving the sentence in this case and his sentences at that point would have begun to run
concurrently. Ex parte Kuester, 21 S.W.3d 264 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit listing Applicant's sentence begin date and the dates of issuance of any
parole-revocation warrants leading to the revocation of such parole or mandatory supervision. The
affidavit shall state whether Applicant's sentence in cause number 91-CR-1371-E has ceased to
operate and if so, on what date that occurred. The affidavit shall state what sentence Applicant is
currently serving, his parole eligibility date on each sentence, and his maximum discharge date on
each sentence. The affidavit should state whether Applicant is serving a sentence for, or has
previously been convicted of, an offense which was listed in Tex. Gov't Code § 508.149(a) at the
time of Applicant's revocation. The affidavit should also address how much time was remaining on
this sentence on the date that Applicant was released on parole, and how much time Applicant spent
on release before the issuance of the parole-revocation warrant. The affidavit should state whether
or not Applicant is receiving credit for any of the time spent on parole, and if not, the reasons for that
denial. Finally, the affidavit should indicate whether or not Applicant has submitted his claim to the
time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. If the trial court elects
to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant
at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant is eligible to earn street time credit, and if
so, whether he is entitled to credit for his time spent on release. The trial court shall also make
findings as to whether Applicant is receiving the proper amount of time credit. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: May 25, 2011

Do not publish